1

```
 1              UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF TEXAS
 2                   SHERMAN DIVISION

 3
     UNITED STATES OF AMERICA  |  DOCKET NO. 4:14CR28
 4                             |
                               |  APRIL 26, 2016
 5   VS.                       |
                               |
 6                             |  10:47 A.M.
     JONATHAN WADDLE, MARK     |
 7   HODGES, RENE TAMEZ        |  PLANO, TEXAS

 8   ---------------------------------------------------------

 9           VOLUME 1 OF 1, PAGES 1 THROUGH 18

10     REPORTER'S TRANSCRIPT OF CHANGE OF PLEA HEARING

11           BEFORE THE HONORABLE DON D. BUSH
               UNITED STATES MAGISTRATE JUDGE
12
     ---------------------------------------------------------
13
     APPEARANCES:
14
     FOR THE GOVERNMENT:    ERNEST GONZALEZ
15                          U.S. ATTORNEY'S OFFICE
                            101 EACH PARK BOULEVARD
16                          SUITE 500
                            PLANO, TEXAS 75074
17
     FOR DEFENDANT WADDLE:  JOHN WILLIAM HOPPING
18                          THE HOPPING LAW GROUP
                            15950 NORTH DALLAS PARKWAY
19                          SUITE 400
                            DALLAS, TEXAS 75248
20
     FOR DEFENDANT HODGES:  N. LEE TATUM
21                          ATTORNEY AT LAW
                            113 N. COMMERCE STREET
22                          GAINESVILLE, TEXAS 76240

23   FOR DEFENDANT TAMEZ:   HEATH E. HYDE
                            ATTORNEY AT LAW
24                          900 JACKSON STREET
                            SUITE 535
25                          DALLAS, TEXAS 75202
```

1  COURT REPORTER:         TONYA B. JACKSON, RPR-CRR
                           FEDERAL OFFICIAL REPORTER
2                          300 WILLOW, SUITE 239
                           BEAUMONT, TEXAS   77701
3

4

5

6    PROCEEDINGS REPORTED BY ELECTRONIC SOUND RECORDING;
        TRANSCRIPT PRODUCED BY COURT REPORTER.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                [OPEN COURT, DEFENDANTS PRESENT.]
2                THE COURT: Okay. Come on up, gentlemen. I'm
3   going to -- if there's no objection, Mr. Hopping,
4   Mr. Tatum, Mr. Hyde, Mr. Gonzalez, I'll do this all at
02:59PM   5   the same time.
6                MR. GONZALEZ: No objection, your Honor.
7                UNIDENTIFIED SPEAKER: No objection.
8                UNIDENTIFIED SPEAKER: No objection, your
9   Honor.
02:59PM   10               THE COURT: Very well.
11               COURTROOM DEPUTY: Here he comes.
12               THE COURT: Okay. Mr. Hyde, you don't have
13  any objection to me doing all these at one time?
14               MR. HYDE: No, your Honor.
02:59PM   15               THE COURT: Okay. Let me have these gentlemen
16  sworn in.
17               (Oath administered to the defendants.)
18               THE COURT: Okay. Mr. Waddle, I need your
19  full name, sir.
03:00PM   20               DEFENDANT WADDLE: Jonathan William Waddle.
21               THE COURT: Okay. Mr. Hodges?
22               DEFENDANT HODGES: Mark Fenton Hodges.
23               THE COURT: All right, sir. And then
24  Mr. Tamez?
03:00PM   25               DEFENDANT TAMEZ: Rene *[unintelligible]* Tamez.

4

03:00PM
1 THE COURT: All right. Now, gentlemen, each
2 of you have indicated your desire to plead guilty. Have
3 you received a copy of the latest indictment pending
4 against you, and do you understand what you're charged
5 with?
6 THE DEFENDANTS: Yes, your Honor.
7 THE COURT: I've had each of you sign a
8 consent form. I have explained your rights to you,
9 including your right to give your plea in front of me
03:01PM
10 here today.
11 Now, gentlemen, have you gone over that form;
12 and do you understand your rights?
13 THE DEFENDANTS: Yes, sir.
14 THE COURT: Now, are any of you taking any
03:02PM
15 medication at this time that might interfere with your
16 ability to plead?
17 THE DEFENDANTS: No, sir. No, your Honor.
18 THE COURT: Okay. I think just for the
19 record, Mr. Waddle, if you'll start off first and then
03:02PM
20 followed by Mr. Hodges and Mr. Tamez. At least we'll
21 have a record of everybody responding.
22 Now, gentlemen, I do want to remind you you
23 have been placed under oath. If you make any false
24 statement, the government could prosecute you for
03:02PM
25 perjury.

03:02PM

1          Now, I'm going to go over and explain some of
2     the rights to you that I've already explained to you in
3     detail in writing; but I'm required to do this in open
4     court.
5          Each of you has a right to persist in a plea
6     of not guilty, the right to a speedy and public trial,
7     the right to be tried by a jury or you can give up that
8     right and have the court try your case without a jury.
9     You have the right to the assistance of your lawyer
10    throughout these proceedings, including at trial.
11         Now, Mr. Waddle, are you satisfied with your
12    representation by Mr. Hopping?
13         DEFENDANT WADDLE:  Yes, sir, I am.
14         THE COURT:  Mr. Hodges, as to Mr. Tatum?
15         DEFENDANT HODGES:  Yes, sir.
16         THE COURT:  And then Mr. Tamez, as to
17    Mr. Hyde?
18         DEFENDANT TAMEZ:  Yes, sir.
19         THE COURT:  Now, at trial you have the right
20    to confront and cross-examine any witnesses against you,
21    the right to present a defense, the right to have
22    witnesses subpoenaed here to testify for you.  You would
23    have the right against compelled self-incrimination.  You
24    cannot be forced to testify; but if you want to testify,
25    you certainly have that right.

6

1 Do you understand those rights as I have gone
2 over them with you?
3 DEFENDANT WADDLE: Yes.
4 DEFENDANT HODGES: Yes, your Honor.
5 THE COURT: All right. Now, if you plead
6 guilty, there will be no trial of course; and you will be
7 giving up these rights except of course the right to
8 continued assistance of your lawyer.
9 Now, Mr. Gonzalez will go over the elements of
10 the offense to which you're pleading. The government has
11 the burden of proof beyond a reasonable doubt; but by you
12 pleading guilty, you will be admitting to the elements of
13 the offense. No further proof will be necessary.
14 All right, sir.
15 MR. GONZALEZ: Your Honor, the elements are as
16 follows:
17 The defendant and one or more persons in some
18 way or manner made an agreement to commit the crime
19 charged in the indictment; that is, to possess with the
20 intent to distribute 500 grams or more of a mixture or
21 substance containing a detectable amount of
22 methamphetamine or 50 grams or more of methamphetamine
23 (actual), a violation of United States Code, Section
24 841(a)(1).
25 Secondly, that the defendant knew the unlawful

 1  purpose of the agreement and joined in it with the intent
 2  to further it; and
 3          Lastly, that the defendant knowingly and
 4  voluntarily joined in the agreement; that is, with the
 5  intent to further its unlawful purpose.
 6          THE COURT: All right. Do you each of you
 7  understand the elements of the offense as gone over with
 8  you by Mr. Gonzalez?
 9          DEFENDANT WADDLE: Yes, sir.
10          DEFENDANT HODGES: Yes, sir.
11          DEFENDANT TAMEZ: Yes, sir.
12          THE COURT: Now, I'm going to go over the
13  minimum and maximum penalties each of you are looking at
14  for a violation of this particular agreement.
15          Are they the same for all?
16          MR. GONZALEZ: Yes, your Honor. It's 10 to
17  life for everyone.
18          THE COURT: All right. Not less than 10
19  years, not more than life, a fine not to exceed
20  $10 million, or both; supervised release of at least 5
21  years.
22          I know each of you have an 11(c)(1)(C), but
23  I'll talk with you very briefly about that later on.
24          There's a mandatory assessment of $100 payable
25  before sentencing. The court can order forfeiture of

8

1  property involved or traceable to the offense.
2              Are there any forfeiture matters, sir?
3              MR. GONZALEZ: No, your Honor.
4              THE COURT: Restitution, cost of incarceration
5  and supervision.
6              So, do each of you understand that the
7  statutory range is not less than ten, not more than life?
8              UNIDENTIFIED DEFENDANT: Yes, sir.
9              THE COURT: Okay. Now, have -- I assume all
10 of you are United States citizens?
11             DEFENDANT WADDLE: Yes, sir.
12             DEFENDANT HODGES: Yes, your Honor.
13             DEFENDANT TAMEZ: Yes, sir.
14             THE COURT: Okay. Have any of you never pled
15 guilty to a felony before?
16             Okay. If you all pled guilty to a felony
17 before, I won't remind you that you're giving up certain
18 civil rights.
19             Now, the court can look at the Sentencing
20 Guidelines in trying to address the appropriate
21 punishment; but I will remind you those guidelines are
22 discretionary and they're not binding upon the court.
23             I do also want to remind you that each of you
24 have the right to appeal any sentence imposed upon you by
25 the court unless you waived or modified that in your plea

```
 1  agreement.
 2              Now, I have a copy of your plea agreements in
 3  front of me.  Did each of you go over your plea
 4  agreements before you signed them, and did you understand
 5  what you were signing?
 6              DEFENDANT HODGES:  Yes, your Honor.
 7              DEFENDANT TAMEZ:  Yes.
 8              THE COURT:  Mr. Waddle?
 9              DEFENDANT WADDLE:  Yes, sir.
10              THE COURT:  Okay.  Now, I'll not cover your
11  entire plea agreement with you.  I will address a few
12  matters.
13              Each of you have entered into an 11(c)(1)(C)
14  with the government.  That's your stipulation with the
15  government.  I do want to remind you that the court is
16  not bound by the agreement, including the quantity
17  accepted.  If the court does not accept the agreement,
18  you would have an opportunity to withdraw your plea.
19              Do each of you understand that?
20              DEFENDANT WADDLE:  Yes.
21              DEFENDANT HODGES:  Yes, your Honor.
22              DEFENDANT TAMEZ:  Yes.
23              THE COURT:  Okay.  Now, each of you have
24  represented that your plea is freely and voluntarily made
25  and no one has forced you, threatened, or made any
```

10

1 promises to you other than what may be in the plea
2 agreement.
3        Is that true, Mr. Waddle?
4        DEFENDANT WADDLE:  Yes, sir.
5        THE COURT:  Is that true, Mr. Hodges?
6        DEFENDANT HODGES:  Yes, your Honor.
7        THE COURT:  Is that true, Mr. Tamez?
8        DEFENDANT TAMEZ:  Yes.
9        THE COURT:  All right.  Now, Mr. Hopping, has
10 your client been competent and able to cooperate with
11 you?
12        MR. HOPPING:  He has, your Honor.
13        THE COURT:  Mr. Tatum?  The same question.
14        MR. TATUM:  Yes, your Honor.
15        THE COURT:  And Mr. Hyde?
16        MR. HYDE:  Yes.
17        THE COURT:  All right.  Now, each of you also
18 in your waiver of plea agreement -- I told you you had
19 the right to appeal any sentence; but in your waiver,
20 paragraph 9 of your respective plea agreements, you're
21 giving up the right to appeal the conviction, sentence,
22 fine, order of restitution, or forfeiture on all grounds;
23 you won't contest those matters in any post conviction
24 proceeding.  You are keeping to yourself, though, the
25 right to appeal any punishment imposed in excess of the

1 statutory maximum.  You're also reserving for yourself
2 the right to appeal or seek collateral review of a claim
3 of ineffective assistance of your lawyer.
4       Do each of you understand that those are
5 narrow issues of appeal, that that's all you've reserved
6 in this case?
7       DEFENDANT WADDLE:  Yes, sir.
8       DEFENDANT HODGES:  Yes, your Honor.
9       DEFENDANT TAMEZ:  Yes.
10       THE COURT:  All right.  Then I'll have your
11 plea agreements and consent forms and the addendums
12 entered into the record in this case, along with the
13 statement of facts.
14       Now, each of you have signed a factual basis
15 or a factual statement indicating that it supports your
16 plea of guilty.  I'm going to have Mr. Gonzalez go over
17 the factual basis as to each of you respective gentlemen,
18 and then I'll ask you if that's true and correct.  All
19 right?
20       Let's start off with Mr. Waddle.  I guess you
21 can do most of these together, Mr. Gonzalez.
22       MR. GONZALEZ:  Yes, your Honor.
23       As to Mr. Waddle, the defendant hereby
24 stipulates and agrees that at all times relevant to the
25 second superseding indictment herein, the following facts

were true:

No. 1, that the defendant Jonathan Waddle who is changing his plea to guilty is the same person charged in the second superseding indictment.

No. 2, the events described in the second superseding indictment occurred in the Eastern District of Texas and elsewhere.

No. 3, that Mr. Waddle and one or more persons in some way or manner made an agreement to commit the crime charged in the second superseding indictment to knowingly and intentionally possess with the intent to distribute and dispense at least 1.5 kilograms but less than 15 kilograms of a mixture or substance containing a detectable amount of methamphetamine or at least 150 grams but less than 1.5 kilograms of methamphetamine (actual).

No. 4, that Mr. Waddle knew of the unlawful purpose of the agreement and joined in it with the intent to further it.

No. 5, that Mr. Waddle knew that the amount involved during the term of the conspiracy involved at least 1.5 kilograms but less than 15 kilograms of a mixture or substance containing a detectable amount of methamphetamine or at least 150 grams but less than 1.5 kilograms of methamphetamine (actual).  This amount was

1 involved in the conspiracy after the defendant entered
2 the conspiracy, was reasonably foreseeable to the
3 defendant, and was part of jointly undertaken activity.
4              And lastly, that Mr. Waddle's role in the
5 conspiracy was to supply co-conspirators with multigram
6 quantities of methamphetamine from various sources which
7 would then be distributed to other co-conspirators and
8 co-defendants during the term of the conspiracy in the
9 Eastern and Northern Districts of Texas.
10             THE COURT:  All right.  Is that true and
11 correct, Mr. Waddle?
12             DEFENDANT WADDLE:  It's true, yes, sir.
13             THE COURT:  What is your plea, sir, to Count 1
14 of the second superseding indictment charging you with a
15 violation of 21 U.S.C., Section 846?
16             DEFENDANT WADDLE:  Guilty.
17             THE COURT:  All right, sir.  Now as to
18 Mr. Hodges' case.
19             MR. GONZALEZ:  Yes.  As to Mr. Hodges,
20 Mr. Hodges stipulates and agrees that at all times
21 relevant to the second superseding indictment the
22 following facts were true:
23             That he is the same Mark Hodges who is
24 changing his plea to guilty.  He's the same person
25 charged in the second superseding indictment.

              1              That the events described in the second
              2   superseding indictment occurred in the Eastern District
              3   of Texas and elsewhere.
              4              That Mr. Hodges and one or more persons in
    03:11PM   5   some way or manner made an agreement to commit the crime
              6   in the second superseding indictment to knowingly and
              7   intentionally possess with the intent to distribute and
              8   dispense 1.5 kilograms but less than 5 kilograms of a
              9   mixture or substance containing a detectable amount of
    03:11PM  10   methamphetamine or at least 150 grams but less than 500
             11   grams of methamphetamine (actual).
             12              That Mr. Hodges knew of the unlawful purpose
             13   of the agreement and joined in it with the intent to
             14   further it.
    03:11PM  15              That Mr. Hodges knew that the amount involved
             16   during the term of the conspiracy involved at least 1.5
             17   kilograms but less than 5 kilograms of a mixture or
             18   substance containing a detectable amount of
             19   methamphetamine or at least 150 grams but less than 500
    03:11PM  20   grams of methamphetamine (actual).
             21              That this amount was involved in the
             22   conspiracy after the defendant entered the conspiracy,
             23   was reasonably foreseeable to the defendant, and was
             24   part of jointly undertaken activity.
    03:11PM  25              And lastly, that Mr. Hodges' role in the

1 conspiracy was to supply co-conspirators with kilogram
2 quantities of methamphetamine from various sources which
3 would then be distributed to other co-conspirators and
4 co-defendants during the term of the conspiracy in the
5 Eastern and Northern Districts of Texas.
6       THE COURT: All right. Is that true and
7 correct, Mr. Hodges?
8       DEFENDANT HODGES: Yes, your Honor.
9       THE COURT: And what is your plea, sir, to
10 Count 1 of the second superseding indictment charging you
11 with a violation of 21 U.S.C., Section 846?
12       DEFENDANT HODGES: Guilty, your Honor.
13       THE COURT: All right. Now as to Mr. Tamez.
14       MR. GONZALEZ: The defendant Rene Tamez hereby
15 stipulates and agrees that at all times relevant to the
16 second superseding indictment herein, the following facts
17 were true:
18       No.1, that the defendant Rene Tamez who is
19 changing his plea to guilty is the same person charged in
20 the second superseding indictment.
21       No. 2, that the events described in the second
22 superseding indictment occurred in the Eastern District
23 of Texas and elsewhere.
24       No. 3, that Mr. Tamez and one or more persons
25 in some way or manner made an agreement to commit the

1  crime charged in the second superseding indictment, to
2  knowingly possess with the intent to distribute and
3  dispense 15 kilograms and up to 45 kilograms of a mixture
4  or substance containing detectable amounts of
03:12PM  5  methamphetamine or 1.5 kilograms but less than 4.5
6  kilograms of methamphetamine (actual).
7       No. 4, that Rene Tamez knew of the unlawful
8  purpose of the agreement and joined in it with the intent
9  to further it.
03:13PM 10       No. 5, that Rene Tamez -- or it was reasonably
11 foreseeable from jointly undertaken activity that the
12 amounts involved during the term of the conspiracy
13 involved 15 kilograms but less than 45 kilograms or more
14 of a mixture or substance containing a detectable amount
03:13PM 15 of methamphetamine or 1.5 kilograms but less than 4.5
16 kilograms or more of methamphetamine (actual).
17       That Rene Tamez's role in the conspiracy was
18 to supply co-conspirators with kilogram quantities of
19 methamphetamine from various sources which would then be
03:13PM 20 distributed to other co-conspirators and co-defendants
21 during the term of the conspiracy in the Eastern and
22 Northern Districts of Texas.
23       THE COURT:  All right.  Mr. Tamez, is that
24 true and correct, sir?
03:13PM 25       DEFENDANT TAMEZ:  Yes, it is.

```
                                                               17
     1              THE COURT:  And what is your plea, sir, to
     2  Count 1 of the second superseding indictment charging you
     3  with a violation of 21 U.S.C., Section 846?
     4              DEFENDANT TAMEZ:  Guilty.
     5              THE COURT:  All right, sir.
     6              In the case of The United States of America
     7  versus Jonathan Waddle, Mark Hodges, Rene Tamez,
     8  4:14CR28, the court will recommend that the district
     9  court accept your pleas of guilty.  I find each is
    10  competent to plead at this time, each has had able
    11  assistance of counsel, each understands their trial
    12  rights, the nature of the charges against them, the
    13  maximum penalties that can be given to them under
    14  sentence in connection with their respective indictments.
    15              You understand that the court will refer to
    16  the Sentencing Guidelines in assessing any sentence.
    17  However, those guidelines are merely discretionary.  I
    18  find that each plea is voluntary, there's a factual basis
    19  for each plea, and that ends of justice will be served by
    20  the acceptance of a plea of guilty.
    21              Anything further from the government,
    22  Mr. Gonzalez?
    23              MR. GONZALEZ:  No, your Honor.  Thank you.
    24              THE COURT:  Mr. Hyde?
    25              MR. HYDE:  No, your Honor.
```

18

1  THE COURT:  Mr. Tatum?

2  MR. TATUM:  No, your Honor.

3  THE COURT:  Mr. Hopping?

4  MR. HOPPING:  No, your Honor.

03:14PM  5  THE COURT:  All right.  Good luck to you,
6  gentlemen.

7  We'll stand in recess on this matter.

8  (Proceedings adjourned, 11:01 a.m.)

11  CERTIFICATION

12  I certify that on this date, June 22, 2016, the foregoing is a correct transcript from the electronic
13  sound recording of the proceedings in the above-entitled matter.

16  TONYA JACKSON, RPR-CRR