1

|  |  |
|---|---|
| UNITED STATES OF AMERICA | DOCKET 4:14CR28 |
|  | NOVEMBER 1, 2016 |
| VS. |  |
|  | 2:14 P.M. |
| JUAN LOPEZ AND RENE TAMEZ | BEAUMONT, TEXAS |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

---

VOLUME 1 OF 1, PAGES 1 THROUGH 14

REPORTER'S TRANSCRIPT OF SENTENCING HEARING

BEFORE THE HONORABLE MARCIA A. CRONE,
UNITED STATES DISTRICT JUDGE

---

FOR THE GOVERNMENT: ERNEST GONZALEZ
U.S. ATTORNEY'S OFFICE - PLANO
101 E. PARK BOULEVARD, SUITE 500
PLANO, TEXAS 75074

FOR THE DEFENDANT JUAN LOPEZ:
GAYLON PERRY RIDDELS
GAYLON P. RIDDELS LAW FIRM, PC
108 E. HOUSTON STREET, SUITE 200
SHERMAN, TEXAS 75090

FOR THE DEFENDANT RENE TAMEZ:
HEATH E. HYDE
HEATH HYDE - ATTORNEY AT LAW
900 JACKSON STREET, SUITE 535
DALLAS, TEXAS 75202

COURT REPORTER: CHRISTINA L. BICKHAM, CRR, RMR
FEDERAL OFFICIAL REPORTER
300 WILLOW, SUITE 221
BEAUMONT, TEXAS 77701

PROCEEDINGS RECORDED USING COMPUTERIZED STENOTYPE;
TRANSCRIPT PRODUCED VIA COMPUTER-AIDED TRANSCRIPTION.

1                (OPEN COURT, BOTH DEFENDANTS PRESENT.)

2                MR. HYDE:  All right.  This is Case
3 Number 4:14cr28, Defendants 18 and 21, *United States of*
4 *America versus Juan Lopez and Rene Tamez*.
5                Are you ready to proceed?
6                MR. GONZALEZ:  Your Honor, Ernest Gonzalez for
7 the government.  The government is ready to proceed.
8                MR. RIDDELS:  Gaylon Riddels on behalf of
9 Defendant Juan Lopez, here ready to proceed.
10               MR. HYDE:  Heath Hyde on behalf of Rene Tamez,
11 ready to proceed.
12               THE COURT:  All right.  Have the defendants
13 signed the video waiver form?
14               MR. RIDDELS:  Juan Lopez has, your Honor, as
15 well as his counsel.
16               MR. HYDE:  Mr. Tamez has also, your Honor.
17               THE COURT:  All right.  I'm going to ask a
18 series of questions.  And if Mr. Lopez and his counsel
19 would answer first and then Mr. Tamez and his counsel, if
20 you could go in that order.
21               And let the record reflect this is being
22 translated into Spanish for the benefit of the
23 defendants.
24               Has the presentence report been read to the
25 defendants in Spanish?

```
 1              MR. RIDDELS:  It has, your Honor.
 2              MR. HYDE:  Your Honor, Mr. Tamez doesn't need
 3  a translator.  He speaks perfect English.
 4              THE COURT:  Oh, okay.  So, it is just -- only
 5  for the benefit of Mr. Lopez, then.  Okay.  That's fine.
 6              MR. HYDE:  Yes, ma'am.
 7              THE COURT:  All right.  Have counsel and the
 8  defendant discussed the presentence report, including any
 9  revisions?
10              MR. RIDDELS:  We have, your Honor.
11              MR. HYDE:  Yes, your Honor, we have.
12              THE COURT:  Has counsel fully explained the
13  presentence report to the defendant?
14              MR. RIDDELS:  I have, your Honor.
15              MR. HYDE:  Yes, your Honor.
16              THE COURT:  And, Mr. Lopez, Mr. Tamez, do you
17  fully understand the presentence report?
18              DEFENDANT LOPEZ:  I do.
19              DEFENDANT TAMEZ:  Yes.
20              THE COURT:  Does counsel for defendant wish to
21  make any comments, additions, or corrections to the
22  report?
23              MR. RIDDELS:  No, your Honor.  On behalf of
24  Mr. Lopez, no additions, comments, or deletions.
25              MR. HYDE:  No, your Honor.
```

1              THE COURT:  And, Mr. Lopez, Mr. Tamez, does
2   the report adequately cover your background?
3              DEFENDANT TAMEZ:  Yes.
4              DEFENDANT LOPEZ:  Yes, your Honor.
5              THE COURT:  All right.  Has the government
6   read the report; and does it wish to make any comments,
7   additions, or corrections?
8              MR. GONZALEZ:  The government has read the
9   report.  We offer no comments, additions, or corrections
10  to the reports; and we filed no objections.
11             THE COURT:  All right.  Each of the defendants
12  filed an objection.  Mr. Lopez's counsel, do you wish to
13  address your objection?
14             MR. RIDDELS:  Your Honor, I would at this time
15  formally withdraw our objections to the presentence
16  report on behalf of Mr. Juan Lopez.  I've explained the
17  relevant case law as well as the statute and the
18  interpretation thereof, and at this time we withdraw
19  that.
20             THE COURT:  All right.  Very well.
21             Okay.  Then Mr. Tamez also has an objection.
22             MR. HYDE:  Yes, your Honor.  The objection
23  doesn't change anything in regards to the sentencing.  It
24  was just merely a clarification as far as a timeframe of
25  offense conduct so that it just would be accurate as

1 reflected in that objection.

2       THE COURT: Okay. Now, was -- did probation
3 even respond to that objection? I mean, at one time you
4 had an objection about not participating in the
5 conspiracy until October 11th, 2013. Has that been
6 addressed?

7       MR. HYDE: Yes, your Honor.

8       We agree that the involvement was after
9 October 13. He was incarcerated through October the
10 11th, from March to October the 11th; and the conspiracy
11 was -- continued from October of '13 through May of '14.
12 We just wanted to clarify that his involvement wouldn't
13 have been in March to October because he was still
14 incarcerated, and it began after that October date. And
15 that was just clarifying that up from the offense conduct
16 description in the PSI.

17       THE COURT: Okay. So, it's not really an
18 objection at this time; is that correct?

19       MR. HYDE: It's more of a -- that is correct,
20 your Honor.

21       THE COURT: Okay. All right. So, it's a
22 clarification. All right. Very well.

23       To the extent the court previously deferred
24 acceptance of the Plea Agreements, they are now accepted.

25       The court finds the information contained in

1  the presentence report has sufficient indicia of
2  reliability to support its probable accuracy.  The court
3  adopts the factual findings, undisputed facts, and
4  guideline applications in the presentence report.
5          Based upon a preponderance of the evidence
6  presented and the facts in the report, while viewing the
7  sentencing guidelines as advisory, the court concludes
8  that as to Mr. Lopez, the total offense level is 29,
9  criminal history level is 1, which provides for an
10 advisory guideline range of 87 to 108 months.
11         And as to Mr. Tamez, the total offense level
12 is 37, criminal history category is 6, which provides for
13 an advisory guideline range of 360 months to life; but in
14 this case there is an agreed sentence of 235 months.
15         Is that correct?
16         MR. HYDE:  That's correct, your Honor.
17         MR. RIDDELS:  That's correct, your Honor.
18         THE COURT:  As to Mr. Lopez, does defendant's
19 counsel wish to make any remarks?
20         MR. RIDDELS:  Your Honor, briefly.  I would
21 simply ask that the court consider and accept probation's
22 recommendation of 87 months.  My client has been very
23 cooperative throughout the process.  He's been a pleasure
24 to work with.  He has accepted responsibility for his
25 actions; and I believe that 87-month sentence would not

1  only deter him but suffice in this particular case, your
2  Honor.
3             THE COURT:  All right.  Mr. Lopez, do you wish
4  to make a statement?
5             DEFENDANT LOPEZ:  I'd just like to apologize
6  to society and to yourself, your Honor, and God bless you
7  all.  That would be everything.
8             THE COURT:  All right.  Does the attorney for
9  the government wish to make any remarks with respect to
10 either defendant?
11            MR. GONZALEZ:  No, your Honor.  No comments.
12            THE COURT:  Does counsel know of any reason
13 why sentence should not be imposed at this time?
14            MR. RIDDELS:  No, your Honor, on behalf of
15 Mr. Juan Lopez.
16            MR. HYDE:  No, your Honor.
17            THE COURT:  Pursuant to the Sentencing Reform
18 Act of 1984, having considered the factors noted in
19 18 USC, Section 3553(a), and after having consulted the
20 advisory sentencing guidelines, it is the judgment of the
21 court that the Defendant Juan Lopez is hereby committed
22 to the custody of the Bureau of Prisons to be imprisoned
23 for 87 months.  It is the judgment of the court that
24 Defendant Rene Tamez is hereby committed to the custody
25 of the Bureau of Prisons to be imprisoned for 235 months.

1  As to Mr. Lopez, that is as to Count 1 of the Second
2  Superseding Indictment.  As to Mr. Tamez, that is as to
3  Count 1 of the Second Superseding Indictment as well.
4          The court recommends to the Bureau of Prisons
5  that the defendants receive appropriate drug treatment
6  and that Mr. Lopez also receives alcohol treatment.
7          The court finds the defendants do not have the
8  ability to pay a fine.  The court will waive the fine in
9  this case.
10         As to Mr. Tamez, the sentence is within an
11 advisory guideline range that is greater than 24
12 months -- it's really not because it's a better sentence
13 than within the guideline range; so, I don't think I need
14 to say that.
15         It is ordered the defendants shall pay a
16 special assessment of $100, which is due and payable
17 immediately.
18         And have I already waived the fine, or not?
19         MR. GONZALEZ:  You have not, your Honor.
20         THE COURT:  All right.  The court finds the
21 defendants do not have the ability to pay a fine.  The
22 court will waive the fine in this case.
23         Upon release from imprisonment, the Defendant
24 Mr. Lopez shall be on supervised release for a term of
25 three years; Mr. Tamez shall be on supervised release for

a term of five years.

Within 72 hours of release from the custody of the Bureau of Prisons, the defendants shall report in person to the probation office in the district to which the defendant is released.

The defendants shall not commit another federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court. In addition, the defendants shall comply with the mandatory and special conditions that have been adopted in the defendants' presentence reports.

You have a right to appeal your conviction if you believe that your guilty plea was somehow -- well, let me do the recitation.

As to Mr. Lopez, the court finds this to be a reasonable sentence in view of the nature and circumstances of the offense entailing the defendant's participation in a drug trafficking conspiracy involving the distribution of between 1.5 and 5 kilograms of a mixture or substance containing a detectable amount of methamphetamine or between 150 and 500 grams of methamphetamine (actual) imported from Mexico, his supplying co-conspirators with multigram quantities of methamphetamine from various sources for distribution to others in the Eastern and Northern Districts of Texas,

1  and his history of substance abuse. It will serve as
2  just punishment, promote respect for the law, and deter
3  future violations of the law.
4           As to Mr. Tamez, the court finds this to be a
5  reasonable sentence in view of the nature and
6  circumstances of the offense entailing the defendant's
7  participation in a drug trafficking conspiracy involving
8  the distribution of between 15 and 45 kilograms of a
9  mixture or substance containing a detectable amount of
10 methamphetamine or between 1.5 kilograms and
11 4.5 kilograms of methamphetamine (actual) imported from
12 Mexico, his supplying co-conspirators with kilogram
13 quantities of methamphetamine from various sources for
14 distribution to others in the Eastern and Northern
15 Districts of Texas, his serving as a Spanish translator
16 for members of the conspiracy, his picking up at least
17 1 kilogram of methamphetamine from a codefendant on four
18 or five occasions and delivering at least a quarter-pound
19 of methamphetamine to another codefendant, his
20 maintaining an apartment in Dallas with a codefendant
21 that was used to store methamphetamine and to conduct
22 drug transactions, his attempting to flee his residence
23 through a window when agents arrived to execute a search
24 warrant, the discovery of a methamphetamine pipe that he
25 admitted belonged to him as well as ledgers and notes

that were consistent with the production of fictitious credit cards and identity theft along with a press to make fictitious credit cards, his extensive criminal history including prior convictions for assault causing bodily jury (2), violation of a protective order, criminal mischief, driving with an invalid license (2), evading arrest/detention (2), possession of a controlled substance (2), evading arrest/detention using a vehicle (2), credit card abuse, unauthorized use of a vehicle, fraudulent use/possession of identification and failure to identity, his failure to comply with a previous term of probation, his being on mandatory supervision at the time of the instant offense, and his history of substance abuse. It will serve as just punishment, promote respect for the law, and deter future violations of the law.

You each have a right to appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary or if there was some other fundamental defect in the proceedings that was not waived by your guilty plea. You have a statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to law. A defendant, however, may waive those rights as part of a Plea Agreement; and you've entered into a Plea Agreement which waives certain rights to appeal your

conviction and sentence.

With the exception of the reservation of the right to appeal on specified grounds set forth in the Plea Agreement, you've waived any appeal including collateral appeal of any error which may have occurred surrounding the substance, procedure, or form of the conviction and sentence in this case. Such waivers are generally enforceable; but if you believe the waiver is unenforceable, you can present that theory to the appellate court.

With few exceptions, any notice of appeal must be filed within 14 days of judgment being entered in your case. If you are unable to pay the cost of appeal, you may apply for leave to appeal *informa pauperis*. If you so request, the clerk of the court will prepare and file notice of appeal on your behalf.

The presentence report is made part of the record and is placed under seal except counsel for the government and defense may have access to it for purposes of appeal.

Are there any other counts?

MR. GONZALEZ: Your Honor, before I address that, can we have defense counsel for Mr. Tamez as well as Mr. Tamez indicate, for the purposes of the record, that they do not want to be heard as to their -- his

1  sentence?
2           THE COURT: Oh. Did I not ask about that?
3  I'm so sorry. Yes.
4           MR. HYDE: Your Honor, we skipped over.
5           I just would ask you to abide by the
6  agreement, and I don't believe Mr. Tamez wants to address
7  the court.
8           THE COURT: Well, that's certainly his
9  opportunity if he wishes to do so.
10          DEFENDANT LOPEZ: Your Honor, I just want to
11 apologize to everybody, my family, the government.
12 That's about it.
13          THE COURT: Okay. You had an agreed Plea
14 Agreement which the court has accepted so -- okay. Very
15 well. Thank you.
16          MR. GONZALEZ: Your Honor, in regards to any
17 underlying Indictments for counts that they did not plead
18 guilty to, we would move to dismiss at this time.
19          THE COURT: That's granted.
20          And defendants are remanded to the custody of
21 the United States Marshal, then to the custody of the
22 United States Federal Bureau of Prisons to begin the
23 service of sentence.
24          And, Mr. Lopez, do you have a particular place
25 you wish to request?

1  MR. RIDDELS: Your Honor, I've discussed that
2 with my client previous to the hearing; and he is
3 requesting at or near San Diego, California.
4  THE COURT: Well, what facilities are there?
5  MR. RIDDELS: Your Honor, I'm not aware of any
6 facilities located close to San Diego. I know my
7 client's family is located in San Diego. I don't know of
8 any facility --
9  THE COURT: Well, there is a detention center;
10 but that wouldn't really be appropriate for this. There
11 is a correctional institute at Terminal Island. That's
12 in L.A. That would be the closest.
13  MR. RIDDELS: Your Honor, we would request
14 that and defer to the court. We would request that
15 location, your Honor.
16  THE COURT: Okay. All right. I'll recommend
17 Terminal Island.
18  And what as to Mr. Tamez?
19  MR. HYDE: El Reno, Oklahoma, your Honor.
20  THE COURT: I'll recommend El Reno. If there
21 is nothing further, then you are excused.
22  (Proceedings concluded, 2:28 p.m.)
23 COURT REPORTER'S CERTIFICATION
    I HEREBY CERTIFY THAT ON THIS DATE,
24 December 12, 2017, THE FOREGOING IS A CORRECT TRANSCRIPT
FROM THE RECORD OF PROCEEDINGS.
25          /s/
         CHRISTINA L. BICKHAM, RMR, CRR